# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **DYLAN CORDELL PRIDE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No: 5:09-cv-02607-CLS-JEO |
| | ) |
| **BILLY MITCHEM, Warden, and** | ) |
| **THE ATTORNEY GENERAL OF** | ) |
| **THE STATE OF ALABAMA,** | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Dylan Cordell Pride, hereinafter referred to as "the petitioner"or "Pride", has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2003 guilty plea conviction for possession of a controlled substance in the Circuit Court of Madison County and the resulting sentence. (Doc. 1). He also filed an amendment to the same. (Doc. 6). He asserts therein that his plea was unknowing and involuntary; that he was improperly sentenced to 20 years in prison because the Circuit Court did not sentence him under the Habitual Felony Offender Act; that he was deprived of his right to due process and equal protection; and that his sentence was disproportionate to his crime and therefore constitutes cruel and unusual punishment.

After ordering respondents to appear and show cause why the requested relief

should not be granted, the magistrate judge filed his findings and recommendation on July 5, 2011, recommending that Pride's petition for writ of habeas corpus be denied, as time-barred. (Doc. 11). On July 14, 2011, Pride objected to the findings and recommendation, contending that he is entitled to equitable tolling of the limitations period due to excusable neglect. (Doc. 12). Pride reiterates that when he pleaded guilty, he was unaware that he would be sentenced to 20 years if he did not complete drug court. Instead, Pride believed he would be sentenced to 10 years if he was unsuccessful with the drug court. (Doc. 12 at 2). Although his 20-year sentence was imposed on July 23, 2007, Pride maintains that trial counsel had repeatedly assured him that the sentence was incorrect, and told him that he was in the process of correcting it. (*Id.*) Pride further asserts that he did not realize that he actually had pleaded to 20 years until November 2008, and argues that this knowledge constitutes newly discovered evidence. (*Id.*) Pride appears to argue that the limitations period should not begin running until that date.

Equitable tolling is well defined by Eleventh Circuit precedent. That Court recently reiterated:

> Equitable tolling of the limitations period applies when a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quotation marks omitted). "[E]quitable tolling is an extraordinary remedy [that] is

2

> limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (quotation marks omitted). Equitable tolling of the AEDPA's one-year limitation period is warranted only if the federal habeas petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at ——, 130 S. Ct. at 2562 (quotation marks omitted); *see also Diaz v. Sec'y for Dep't of Corrs.*, 362 F.3d 698, 702 (11th Cir. 2004) (explaining that a petitioner must show "both extraordinary circumstances and due diligence"). "Reasonable diligence," rather than "maximum feasible diligence" is required for equitable tolling purposes. *Holland*, 560 U.S. at ——, 130 S. Ct. at 2565 (quotation marks omitted).

*George v. Secretary, Dept. Of Corrections*, No. 10-15529, 2011 WL 3241939, *1

(11th Cir. July 27, 2011).

In view of the limited applicability of equitable tolling, the court does not find petitioner's argument persuasive because the facts supporting Pride's claim were evident the day he pleaded guilty. Pride entered into a plea agreement acknowledging that he had four prior burglary convictions. He executed an explanation of rights and plea of guilty form, which stated that he was a "reported habitual felony offender." (Doc. 8 (Ex. 1 at 30, 33)). The plea agreement further provided that the prosecutor would recommend a term of imprisonment for 20 years if Pride did not successfully complete the drug court program. (*Id*. at 30). That provision was clear on its face and obvious to anyone who read the document.

Additionally, after Pride's termination from Drug Court and the imposition of

3

the original sentence on July 23, 2007, Pride did not file a direct appeal, or otherwise attempt to challenge his sentence until a nearly a year and a half later, when he filed a Rule 32 petition on January 12, 2009.  In that petition, Pride acknowledged:

> Petitioner is not claiming he did not get notice of the State's intent to invoke the HFOA or that he did not get notice of the prior convictions upon which the state intended to rely; rather, petitioner's sole claim is that his sentence is illegal because he <u>was not</u> sentenced under HFOA by the sentencing court.

(Doc. 8 (Ex. 1 at 17) (underline in original)).

Thereafter, while he raised a claim of an involuntary plea in a subsequently filed "Motion to Alter, Amend, or Vacate a Judgment and/or Motion for Relief from Judgment of Order," (doc. 8 (Ex. 1 at 48-51)), that claim was not raised in his Rule 32 petition or the appeal of the denial thereof.  In fact, in his appeal, Pride stated that his sole argument is that his punishment is disproportionate to his crime and violates the Eighth Amendment.  (Doc. 8 (Ex. 5 at 1, 3-11)).

It is worth noting that in his objections to the magistrate judge's findings and recommendation, Pride contends that his trial counsel told him he would not be subject to the Habitual Felony Offender enhancements, and asserts he "fervently believed, that, as his attorney conveyed repeatedly, that if by chance he were to be removed from the Drug Court program that he had prescribed to pursuant to his plea, he would be required to serve a term of 10-years in prison."  (Doc. 12 at 5).

However, in his amended petition, Pride asserted that he believed that if he failed to complete drug court, he "would then be required to return to the court for his sentence determination and pronouncement." (Doc. 6 at 6).

Pride's arguments have been changing and evolving. What remains constant is his displeasure with his sentence. However, the undersigned concludes that he has not shown that he is entitled to equitable tolling, or that the instant petition is timely pursuant to 28 U.S.C. § 2244(d)(1)(D). Pride now seeks to fault his attorney for giving him inaccurate information about the plea, and later the validity of the sentence. However, after forgoing a direct appeal and waiting nearly a year and a half to file a challenge to his sentence, he never made such allegations in state court. Moreover, the facts supporting Pride's claim were evident the day he pleaded guilty.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the findings and recommendation and the objections filed by the petitioner, the Court is of the opinion that the magistrate judge's findings are due to be, and hereby are, ADOPTED and his recommendation is ACCEPTED. Accordingly, petitioner's objections are due to be OVERRULED and the petition for writ of habeas corpus is due to be DENIED. A Final Judgment will be entered.

DONE this 22nd day of September, 2011.

_____
United States District Judge